DOWNEY, Judge.
Appellant, Ernest J. Cooper, appeals from a judgment of conviction and sentence for grand theft and aggravated assault.
At approximately 2:00 a.m., Cooper and a co-defendant entered a Grand Union grocery store in Boynton Beach. The manager became suspicious and watched them as they moved around the store. Eventually, the two subjects exited the store pushing a shopping cart containing a large black trash bag. The manager followed them into the parking lot where he grabbed the handle of the cart, looked into the trash bag, which contained a large quantity of meat, and asked Cooper if he was going to pay for it. Cooper drew a knife from his pocket and threatened to cut the manager if he did not release the cart. The two individuals then entered a car with the trash bag and departed. The manager notified the police and a BOLO was issued. A Boynton Beach police lieutenant, returning to Boynton Beach from the neighboring town of Delray Beach, heard the BOLO, spotted the subjects, stopped their car, and placed them under arrest. In the car the lieutenant found the Grand Union meat and a knife.
Pursuant to a motion, the trial court suppressed the meat and knife on the grounds that the arrest was unlawful due to the lieutenant’s being outside his jurisdiction. Nevertheless, at trial the State presented testimony from the manager describing the foregoing activity that occurred prior to Cooper’s departure from the store parking lot. In addition, the manager also testified to the fact that he was called down to the police station to identify the meat and knife. Cooper objected to any testimony about the meat and knife whether it antedated the arrest or not on the theory that the unlawful arrest “poisoned” the meat and knife as admissible evidence regardless of when or from where the information was gained.
The “fruit of the poisonous tree” metaphor stems from the oft cited case of Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The lesson to be learned from said case is that the exclusionary rule bars the admission of not only tangible materials obtained as a direct result of a Fourth Amendment violation, but, in addition, it also precludes admission of overheard verbal statements and matters observed during the unlawful invasion. However, “this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source, they may be proved like any others.... ” Wong Sun, suppa, p. 485, 83 S.Ct. p. 416.
Accordingly, we hold that the manager’s testimony relative to the meat and knife based upon observations that occurred prior to Cooper’s arrest were properly admitted. On that basis we have no difficulty in affirming Cooper’s conviction of aggravated assault. However, while the manager could certainly testify to the fact that Cooper had stolen meat from the store, his knowledge of the value thereof necessary to reach the grand theft plateau was acquired by an inventory of the meat after the police had taken it from Cooper. Therefore, that information was tainted by the unlawful arrest and excludable under Wong Sun. However, if the manager had known the value of the meat prior to the taking, or was able to establish its value by some other independent source, his testimony would have been admissible because it would be untainted by the unlawful invasion.
Cooper also contended that the court erred in refusing to suppress the manager’s showup identification of Cooper as being highly suggestive, in violation of due process. We find no error committed in this regard.
In view of the foregoing the conviction and sentence for aggravated assault is affirmed. The conviction for grand theft is reduced to petty theft and the cause is remanded to the trial court for resentencing as to the petty theft conviction.
AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
LETTS, J., and GOLDMAN, MURRAY, Associate Judge, concur.