788 P.2d 1250

**The STATE of Arizona, Appellant,**

v.

**Jesus Gerardo VALENZUELA, Appellee.**

**No. 2 CA–CR 89–0339.**

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 22, 1990.

Jose Luis Machado, Santa Cruz County Atty. by Enrique R. Gonzales, Nogales, for appellant.

Edward H. Laber, Tucson, for appellee.

OPINION

FERNANDEZ, Chief Judge.

The state appeals from the trial court's granting of a motion to suppress evidence of 320 pounds of marijuana discovered in a Tucson house. The ruling included 136 pounds of marijuana that was delivered from Nogales, Arizona to the house by Reyes Insunza, who had agreed to cooperate with arresting agents in the delivery of a "controlled load." The officers had seized the marijuana pursuant to a warrant and made the deal with Insunza at a Rio Rico residence. The load was transported from Rio Rico to Tucson, and the marijuana was unloaded at the Tucson house. A detective testified at the suppression hearing that he did not see the marijuana unloaded but was told by Insunza that the marijuana was unloaded by the two occupants of the house and that it was going to be moved quickly from that house following the delivery. No attempt was made to obtain a search warrant.

After the marijuana was unloaded, a truck left the residence. It was stopped a block away, and the driver was arrested. No marijuana was found in the truck. Officers subsequently returned to the home, entered, searched the premises, and found the marijuana.

The state's position on appeal is that because the contraband was seized after it was discovered by means independent of a Fourth Amendment violation, the suppression order was erroneous. We believe the state is attempting to expand the principles enunciated by the cases it cites beyond constitutional parameters.

The state's contention is that because the police had Insunza deliver a "controlled load" of marijuana to the house, the police had independent knowledge; therefore, even if their failure to obtain a search warrant amounted to a Fourth Amendment violation, exclusion is not required. Officers may not make a warrantless entry of a home in the absence of exigent circumstances or other necessities (or in the absence of consent), and such entries are per se unlawful under the state constitution. *State v. Bolt*, 142 Ariz. 260, 689 P.2d 519 (1984). Contraband or other evidence seized as a result of a warrantless entry in the absence of exigent circumstances must be suppressed as fruit of the illegal entry. *State v. Cook*, 115 Ariz. 188, 564 P.2d 877 (1977).

There is no allegation that exigent circumstances existed in this case or that the occupants of the home consented to the officers' entry. The state contends that the marijuana was not discovered as a result of the illegal search but because the officers knew the "controlled load" was present. The state's reliance on *Bolt, supra*, and *Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984) is misplaced because in both cases, an attempt was made to obtain valid search warrants. That did not occur in this case. More akin to this case are the cases of *Cooper v. State*, 432 So.2d 161 (Fla.App. 1983) (illegal arrest) and *United States v. Barrow*, 363 F.2d 62 (3d Cir.1966), *cert. denied*, 385 U.S. 1001, 87 S.Ct. 703, 17 L.Ed.2d 541 (1967) (illegal search), in which the courts held that although the actual fruits of the illegal arrest and search were properly suppressed, testimony of events,

that occurred prior to and were independent of the taint of the unlawful invasions, was permissible. We believe the same is true in this case.

Although the state could argue that testimony of the officers about the delivery of the marijuana would be permissible because no Fourth Amendment violation was involved to that point, events from the time of the entry of the officers into the home, as well as the fruits of their search of it, were properly suppressed. Failure to suppress would, as appellee points out, completely emasculate the warrant requirements of the Fourth Amendment because probable cause is usually based on independent information obtained by the officers. To allow them entry into a home without a warrant would eliminate any protection afforded by the Fourth Amendment.

The suppression order of the trial court was proper.

LIVERMORE, P.J., and LACAGNINA, J., concur.